IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN R. SAUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:12-cv-00135-GPM |
| | ) |
| JERRY A. DEVORE, JEFF WHITE, | ) |
| MARK SIMMONS, JOSH MORRIS, | ) |
| DALE EDDINGS, and JERRY WOODS | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

Murphy, District Judge:

    Plaintiff, formerly detained at Marion County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Jerry Woods (Correctional Officer) created an excessive risk of harm to Plaintiff's safety on or around December 17, 2011. More specifically, Woods allegedly told the entire cellblock, where Plaintiff was detained with several federal inmates and/or detainees, that Plaintiff was responsible for the entire cellblock losing their television privileges. The following day, Plaintiff was assaulted by another inmate or detainee on his cellblock in retaliation for the loss of television privileges. Next, Plaintiff alleges that Defendants Jerry A. Devore (Sheriff), Jeff White (Jail Administrator), Mark Simmons (Sergeant), Josh Morris (Sergeant), and Dale Eddings (Sergeant) are responsible for the actions of Defendant Woods by virtue of their positions of authority over Woods and as administrators and operators of the jail.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has

1

articulated a colorable federal cause of action against Defendants Woods for failure to protect Plaintiff from a substantial risk of harm (Count 1).

However, the claims against Defendants Devore, White, Simmons, Morris, and Eddings are dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. ***Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted)**. Plaintiff has not specifically alleged that Defendants Devore, White, Simmons, Morris, and Eddings are "personally responsible for the deprivation of a constitutional right" *Id.* Accordingly, Defendants Devore, White, Simmons, Morris, and Eddings are **DISMISSED** as Defendants.

**Disposition**

Defendants Jerry A. Devore, Jeff White, Mark Simmons, Josh Morris, and Dale Eddings are **DISMISSED** from this action without prejudice.  The Clerk of Court shall prepare for Defendant Jerry Woods:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

3

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2012.**

<u>s/ G. Patrick Murphy</u>
G. Patrick Murphy
United States District Judge